# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NATHAN EARL SANDERS,

    Petitioner,

vs.                                                        Civ. No. 98-1564 JC/WWD

REED SMITH,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court sua sponte. Petitioner, who is proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on December 22, 1998. The claims presented in the petition are based on (1) sufficiency of the evidence; (2) denial of due process and equal protection in being denied a jury of his peers (3) ineffective assistance of counsel regarding failing to object to officer's testimony, failure to file a motion for severance with co-defendant; and failure to attack witness Cheryl Sloane's credibility.

    2. On January 8, 1999, Petitioner filed an "Addendum to 28 U.S.C. § 2254," adding other grounds to his claim of ineffective assistance of counsel: (1) failure to object when trial court did not include an instruction which explained and defined the offense charged; and (2) failure to request an alternate jury instruction of simple possession. I construe this "addendum" liberally as an amended petition. As Respondent has correctly pointed out, this additional claim was never presented to the state court, either on direct appeal or in a state habeas petition. Ans., Exs. Q & R; U & V.

    3. Under the doctrine of exhaustion, a state prisoner must generally exhaust available state

court remedies before filing a habeas corpus action in federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971); Hernandez v. Starbuck, 69 F.3d 1089, 1092-93 (10th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1855, 134 L.Ed.2d 954 (1996). The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them. Picard, 404 U.S. at 275, 92 S.Ct. at 511. Ordinarily, the failure to raise these claims on appeal would result in procedural default. Jackson v. Shanks, 140 F.3d 1340, 1344 (10th Cir. 1998). However, ineffective assistance claims are excepted from this rule. See Duncan v. Kerby, 115 N.M. 344, 346 (1993).

    4. Mr. Sanders' conviction became final on July 15, 1998, 90 days after denial of certioriari by the state supreme court. See Sup.Ct.R.13. His one-year limitations period started to run on that date. The limitations period was tolled by 45 days, the entire period of time his state habeas petition was pending in the state court until the petition for review was denied.[1] See Ans., Exs. T, U, V, W. Tolling the July 15, 1999 deadline by 45 days (moving it to August 29, 1999), I note that the federal petition was well within the limitations period.[2]

    5. In this case, since his petition contains both exhausted and unexhausted claims, it should be dismissed without prejudice so that Mr. Sanders will have the opportunity to pursue the

---

[1] The limitations period is tolled from the time a petitioner files his state application until the time the state supreme court denies the timely-filed petition for writ of certiorari. See Barnett v. Lemaster, 1999 WL 65081 (10th Cir. NM).

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended the "long-standing prior practice in habeas corpus litigation" that gave a prisoner virtually unlimited amounts of time to file a habeas petition in federal court. Hernandez v. LeMaster, Table, text in WL, 1999 WL 34809 (10th Cir. N.M.) (citing Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998)). AEDPA established a one-year time limitation for filing petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

unexhausted claims in state court. However, he also has a choice to make between re-filing a petition containing solely the exhausted claims and risking loss of the chance to present the unexhausted claims later, or delaying his habeas petition altogether pending the exhaustion of all of his claims, with an eye toward the one-year statute of limitation that still applies to all the claims in his petition, including those that have been exhausted. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), cited in Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993).

### Recommendation

I recommend that the Petitioner's application for Writ of Habeas Corpus be denied and that this cause be dismissed without prejudice on grounds of nonexhaustion of claims.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

UNITED STATES MAGISTRATE JUDGE